Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as it appears the slaves in the bill and proceedings mentioned, passed into the hands of William Montague the husband of the female appellee, upon their intermarriage, the same, so far as it regards the rights of the husband’s, creditors, whether *353 prior or subsequent to the marriage, and as to all bona fide alienees and incumbrancers, became the absolute property of the husband. That the appellants, by the levy of their attachments on said slaves, acquired a lien thereon for the satisfaction of their debts, which could not be defeated except in the manner prescribed by law, by any act of the debtor, or other person coming in under him. That the provision of the 3d section of the act passed February 17, 1827, entitled “ an act to prescribe the method of proceeding in suits, and on petition for divorces,” which empowers the Chancery Court to restore to the injured party, as far as practicable, the rights of property conferred by the marriage on the other,” does not authorize the Court to interfere with, or defeat the vested rights of creditors or bona fide alienees or incumbrancers, which attached upon the property prior to the institution of such proceeding for divorce, and when the property was the absolute estate of the husband.
The Court is therefore of opinion, that the Circuit Superior Court, instead of perpetuating the injunction, should have directed the application of the hires of the slaves accrued during the pendency of the suit to the satisfaction of the claims of the attaching creditors; and if that fund proved insufficient, should either have dissolved the injunction and dismissed the bill, with costs as to the appellants; or if the interests of the female appellee required it, to have directed a sale of the slaves, or so many of them as would have been sufficient to pay the residue of the debts due the attaching creditors, including their costs in the defence of the chancery suit, and taken steps to secure to the female appellee the residue of said slaves, or the funds arising from the hires and sales thereof, as far as practicable, having a due regard to the rights of others.
The decree is therefore reversed with costs to the appellants, and the cause is remanded to be finally proceeded in according to the principles of this decree.